Filed 11/17/23  P. v. Spindler CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>AMY SUE SPINDLER,<br><br>     Defendant and Appellant. | A166916<br><br>(Humboldt County Super. Ct. Nos. CR2200229B, CR2200894) |

In exchange for a split sentence, defendant Amy Spindler pleaded guilty to transportation or sale of fentanyl.  (Health & Saf. Code, § 11352.)  The court sentenced Spindler to three years in local custody and two years of mandatory supervision.  Spindler also pleaded guilty to possession for sale of fentanyl in a second case, for which she received a four-year concurrent term.  (*Id.*, § 11351.)  The court found Spindler indigent, and waived a number of fines and fees, but did impose a $2,700 restitution fine and $140 in assessments.  Spindler appealed from her sentence.

Spindler's appointed appellate counsel filed a brief asking this court to independently review the record under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  After our preliminary review, we ordered the parties to provide further briefing on three issues:  (1) whether Spindler was entitled to remand for resentencing under Penal Code section 1170, subdivision (b) amendments (Sen. Bill No. 567 (2021–2022 Reg. Sess.) § 1.3); (2) whether Spindler

1

forfeited a claim pursuant to *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*) by not challenging the restitution fine and assessments; and (3) if so, whether trial counsel rendered ineffective assistance of counsel by failing to object to the imposition of the fine and assessments. Having now considered that briefing, we see no basis for remand and no error requiring reversal. We affirm.

## BACKGROUND

In January 2022, the People charged Spindler in case No. CR2200229B with three drug-related offenses: felony sale or transportation of fentanyl (Health & Saf. Code, § 11352, subd. (a)) (count 1); felony bringing a controlled substance into a correctional facility (Pen. Code, § 4573, subd. (a))[1] (count 2); and misdemeanor possession of alprazolam (Health & Saf. Code, § 11375, subd. (b)(2)) (count three). According to the probation report, sheriff's deputies executed a search warrant of Spindler's residence, vehicle, and person. They found approximately 105 grams of fentanyl (including some in baggies), multiple containers of mannitol (a cutting agent for fentanyl), seven grams of morphine powder, one baggie of Alprazolam, and various packing materials. After Spindler's arrest, and despite being advised that she needed to report any illicit substances she was carrying before entering the jail, officials discovered that Spindler had an additional five grams of fentanyl when they booked her.

In March 2022, while Spindler was released on bond, police again arrested her, this time after a traffic stop. Spindler was "wearing a disguise (wig)" and provided the officer with a false name and date of birth. She was carrying 28.5 grams of fentanyl. The People charged Spindler in case No. CR2200894 with felony sale or transportation of fentanyl (Health & Saf.

---

[1] Undesignated statutory references are to the Penal Code.

2

Code, § 11352, subd. (a)) (count 1) and the misdemeanor offense of falsely identifying herself to a police officer (§ 148.9, subd. (a)) (count 2).

Spindler and prosecutors reached a plea agreement. Spindler pleaded guilty to count 1 in case No. CR2200229B (sale or transportation of fentanyl) and a lesser included offense of count 1 in case No. CR2200894 (possession of a controlled substance with intent to sell). In case No. CR2200229B, Spindler stipulated to the aggravating circumstances and to an aggravated "split" prison term, although the precise "split term" was left to be decided by the trial court. In exchange for her plea, the district attorney agreed that the sentence in case No. CR2200894 would run concurrent to the sentence in case No. CR2200229B, and that the balance of each complaint would be dismissed.

In case No. CR220229B, the court sentenced Spindler to the upper term of five years, three of which were to be served in local custody and the other two to be suspended to allow for her release on mandatory supervision. In case No. CR2200894, the court sentenced Spindler to the upper term of four years to be served concurrently with the sentence in case No. CR220229B. The court awarded Spindler 477 days of combined custody and conduct credits.

The court found Spindler indigent, and therefore did not impose any lab fees (Health & Saf. Code, § 11372.5), drug program fees (*id.*, § 11372.7), or other fines (§ 672). The trial court did order Spindler to pay a total restitution fine of $2,700 (§ 1202.4),[2] along with an $80 court operation assessment (§ 1465.8) and a $60 criminal conviction assessment (Gov. Code, § 70373).

---

[2] The total amount includes $1,200 in case No. CR2200894 and $1,500 in case No. CR2200229B.

**DISCUSSION**

Our review here is limited to the sentences that the trial court imposed, since Spindler pleaded guilty and there is no certificate of probable cause. (§ 1237.5.) The record reflects that the trial court found Spindler's pleas to be knowing and voluntary. The pleas were signed and initialed by Spindler, and she also verbally agreed in response to the trial court's inquiries. Although the plea agreement in case No. CR220229B left the exact split of the sentence up to the trial court, the parameters of the split sentence were part of the plea agreement.

Having independently reviewed the record in accordance with our obligations under *Wende*, we identified three arguable issues related to sentencing and sought supplemental briefing. We discuss those issues below.

### I. No Remand for Resentencing under Senate Bill No. 567

Senate Bill No. 567, effective January 1, 2022, altered the trial court's discretion under section 1170 in selecting a term of imprisonment where a statute specifies three possible terms. (Stats. 2021, ch. 731, § 1.3; see *People v. Fox* (2023) 90 Cal.App.5th 826, 830.) Section 1170, subdivision (b)(2) now provides, in relevant part, that the court may impose a sentence exceeding the middle term "only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant."

Spindler's plea agreements contemplated the upper-term sentences imposed here. Spindler also stipulated to aggravating circumstances in case No. CR220229B.

The People contend that Spindler forfeited any argument she might have had under section 1170, as amended. Spindler reached her plea

4

agreements and entered her plea in August 2022, and the court sentenced her in November 2022—eight and 11 months after the amendments to section 1170 took effect.[3]  She did not raise any objections based on section 1170, subdivision (b) when she entered her plea or at sentencing.

We agree with the People that Spindler forfeited her argument by not raising it before the trial court at sentencing.  "In order to encourage prompt detection and correction of error, and to reduce the number of unnecessary appellate claims, reviewing courts have *required* parties to raise certain issues at the time of sentencing.  In such cases, lack of a timely and meaningful objection forfeits or waives the claim."  (*People v. Scott* (1994) 9 Cal.4th 331, 351.)  Such was the case here.  We do not perceive an available exception to the general rule that "a party in a criminal case may not challenge the trial court's discretionary sentencing choices on appeal if that party did not object at trial."  (*People v. Gonzalez* (2003) 31 Cal.4th 745, 748; *Scott*, at p. 356.)

Given our conclusion that Spindler forfeited whatever objection she might have raised concerning section 1170, as amended, we do not reach the question of whether and how subdivision (b) may apply in the context of plea agreements.

## II.   No *Dueñas* Claim

Section 1202.4 generally requires the sentencing court to impose a restitution fine where the defendant has been convicted of a felony "unless it finds compelling and extraordinary reasons for not doing so."  (§ 1202.4, subd. (c).)  The amount of the fine—$300 to $10,000—is within the court's discretion and commensurate with the seriousness of the offense.  (§ 1202.4,

---

[3] Spindler's arrests took place after the amendments to section 1170 took effect, too.

subd. (b)(1).)  The statute instructs that "inability to pay shall not be considered a compelling and extraordinary reason not to impose a restitution fine" and "may be considered only in *increasing* the amount of the restitution fine in excess of the minimum." (§ 1202.4, subd. (c), italics added.)  In other words, section 1202.4 prohibits courts from considering a defendant's ability to pay if they are imposing the minimum $300 restitution fine, but not if they are imposing a fine greater than $300.

The decision in *Dueñas* concluded that the prohibition on considering a defendant's inability to pay for minimum restitution fines was unlawful, as due process in fact required the court to assess the ability to pay.  (*Dueñas, supra*, 30 Cal.App.5th at pp. 1160, 1164.)  The court in *Dueñas* held "that although Penal Code section 1202.4 bars consideration of a defendant's ability to pay unless the judge is considering increasing the fee over the statutory minimum, the execution of any restitution fine imposed under this statute must be stayed unless and until the trial court holds an ability to pay hearing and concludes that the defendant has the present ability to pay the restitution fine." (*Ibid.*)

The *Dueñas* decision reached a similar conclusion with respect to assessments imposed under section 1465.8 and Government Code section 70373.  (*Dueñas, supra*, 30 Cal.App.5th at p. 1164.)  Those provisions mandate assessments on every criminal conviction, except parking convictions, without regard to the defendant's ability to pay.  (*Ibid.*)  The court concluded, however, "that due process of law requires the trial court to conduct an ability to pay hearing and ascertain a defendant's present ability to pay before it imposes court facilities and court operations assessments under Penal Code section 1465.8 and Government Code section 70373." (*Id.* at p. 1164.)

The approach taken in *Dueñas* is the subject of ongoing debate among the courts of appeal and is currently before the California Supreme Court. (*People v. Kopp* (2019) 38 Cal.App.5th 47, 57, review granted Nov. 13, 2019, S257844; *People v. Hicks* (2019) 40 Cal.App.5th 320, 326–329, review granted Nov. 26, 2019, S258946; *People v. Cowan* (2020) 47 Cal.App.5th 32, 34–35, review granted June 17, 2020, S261952; see also *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1067–1068; *People v. Caceres* (2019) 39 Cal.App.5th 917, 928–929.)

Here, the trial court did not hold a hearing before determining that Spindler lacked the ability to pay the fines and fees imposed, waiving some fees, and then imposing restitution fines. Spindler failed to raise the issue before the trial court, however, which means the issue is forfeited on appeal. (*People v. Scott, supra*, 9 Cal.4th at p. 351; *People v. McCullough* (2013) 56 Cal.4th 589, 593, citing *In re Sheena K.* (2007) 40 Cal.4th 875, 880–881 [" ' "[A] constitutional right," or a right of any other sort, "may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it" ' "].) The forfeiture rules apply straightforwardly to a defendant claiming the trial court violated their due process right or the prohibition on excessive fines by failing to hold an ability to pay hearing under *Dueñas* if they were sentenced after the California Supreme Court decided *Dueñas*. (See *People v. Nelson* (2011) 51 Cal.4th 198, 227 [holding defendant forfeited his right to challenge a $10,000 restitution fine on ability to pay grounds because "[a]t the time of his . . . sentencing, the law called for the court to consider defendant's ability to pay in setting a restitution fine, and defendant could have objected at the time"].)

Spindler therefore forfeited her right to challenge the trial court's failure to hold an ability to pay hearing. The trial court sentenced Spindler

in November 2022, nearly four years after the decision in *Dueñas*. Spindler, acting through her attorney, knew or should have known she had a right to request a hearing concerning her ability to pay at sentencing.

### III.   No Ineffective Assistance of Counsel Claim

To establish ineffective assistance of counsel, "the defendant must first show counsel's performance was deficient, in that it fell below an objective standard of reasonableness under prevailing professional norms. Second, the defendant must show resulting prejudice, i.e., a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different." (*People v. Mai* (2013) 57 Cal.4th 986, 1009.)

On direct appeal, a defendant establishes ineffective assistance "only if (1) the record affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked for a reason and failed to provide one, or (3) there simply could be no satisfactory explanation. All other claims of ineffective assistance are more appropriately resolved in a habeas corpus proceeding." (*People v. Mai*, *supra*, 57 Cal.4th at p. 1009.) "[R]arely will an appellate record establish ineffective assistance of counsel." (*People v. Thompson* (2010) 49 Cal.4th 79, 122.) We will find ineffective assistance of counsel only if "there could be no conceivable reason for counsel's acts or omissions." (*People v. Weaver* (2001) 26 Cal.4th 876, 926.)

The record here does not explain why Spindler's counsel did not object to the section 1202.4 restitution fine described above. This decision may have had nothing to do with Spindler's ability to pay. The inability to pay is just one among many factors the court should consider in setting restitution fines above the minimum, including "the seriousness and gravity of the offense and the circumstances of its commission, any economic gain derived by the defendant as a result of the crime, the extent to which any other person

8

suffered losses as a result of the crime, and the number of victims involved in the crime." (§ 1202.4, subd. (d).)

Nor do we identify any potential ineffective assistance of counsel in not raising the question of inability to pay. There are multiple reasons Spindler's counsel may have concluded that silence was a virtue. "[A] defense counsel's decision whether to object to the imposition of fines and fees can encompass factors beyond a defendant's financial circumstances, especially in serious cases involving potentially long prison sentences." (*People v. Acosta* (2018) 28 Cal.App.5th 701, 707.) For example, while requesting the court follow probation's recommendation that Spindler serve three of her five years in custody in case No. CR2200229B, the prosecution argued there was "good reason to deviate upwards based on Ms. Spindler's criminal history."[4] The prosecution highlighted that Spindler had been convicted of two separate incidents of selling fentanyl"—describing the drug as "one of the leading killers in our county and in our country"—but she was not being sentenced consecutively. Probation also recommended imposing a $2,700 restitution fine (and $140 in court operations and criminal conviction assessments). Spindler's counsel may have concluded Spindler's best chance at a favorable split was to go along with the probation department's recommendation, and that objecting to the recommended fines and fees would undermine that position.

Given the seriousness of Spindler's offenses, the court's decision to follow the fine recommended by probation, the chance that objecting might jeopardize a good sentencing recommendation from probation, and the possibility that Spindler might have had the ability to pay (either at the time

---

[4] According to presentence report, the current offenses were Spindler's seventh and eighth felony convictions.

or in the future), Spindler's attorney may also have concluded that objecting to the restitution fine would have been pointless. The most Spindler stood to gain by objecting was receiving a hearing on her ability to pay. Raising an objection could have delayed proceedings and undermined the position that the probation recommendation was right. The same considerations apply with equal force to counsel's decision not to object to the fees imposed at sentencing.

In sum, we conclude there is no basis for remand under Senate Bill No. 567 and no reversible error in connection with the imposition of the restitution fine and assessments after the court declared Spindler indigent or with counsel not asking for a formal hearing concerning Spindler's ability to pay.

## DISPOSITION

The judgment is affirmed.

_____
Markman, J.*

We concur:


_____
Stewart, P.J.


_____
Miller, J.

*People v. Spindler* (A166916)

\* Judge of the Alameda Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.